HERMAN WELLER AND JACOB E. KLICK, TESTAMENTARY TRUSTEES OF
THE ESTATE OF MINA LORENZ

*v.*

STATE OF ILLINOIS.

*Opinion filed October 2, 1916.*

1. INHERITANCE TAX—*refund of when.* Section 10 of the inheritance tax law provides that when an inheritance tax has been paid erroneously it shall be lawful to refund the amount so paid.

2. SAME—*claim for refund, made when.* A claim for the refund of inheritance tax erroneously paid must be made within two years from the date of payment, or no refund will be made.

3. STATUTE OF LIMITATIONS—*affects what—is not operative when.* The Statute of Limitations affects only the remedy, and does not commence to run until the parties to be barred have a right to invoke the aid of the court to enforce the remedy.

McCormick and Murphy, for Claimant.

P. J. Lucey, Attorney General, for State.

On January 4, 1898, George Weller conveyed a life estate in certain land in Logan County, Illinois, to Henry Lorenz by deed, with remainder in fee simple to the child or children of Katharine Lorenz, the daughter of grantor and the wife of grantee, the grantor reserving unto himself, however, the possession, use and occupation of the real estate during his own life. This deed was recorded in the Recorder's office of Logan County on January 26, 1898. On March 30, 1910, the said George Weller died testate leaving no children or decendants except Mina Lorenz, the daughter of Katharine Lorenz. The will of said decedent devised a life estate in the same premises previously deeded to the said Mina Lorenz and Lillie Lorenz and claimants were appointed in said will as Trustees of the estate of the said Mina Lorenz and the said Lillie Lorenz. Lillie Lorenz, however, died before the testator, leaving only the said Mina Lorenz as sole devisee.

An inheritance tax appraiser was appointed by the County Judge of Logan County on June 20, 1910, an appraisement was made and it was found that the estate of Mina Lorenz under the aforesaid clause of the will was subject to an inheritance tax of $593.92, and the County Judge ordered said sum of money paid to the County Treasurer.

The said Mina Lorenz was represented by guardian *ad litem* on the inheritance tax hearing. On September 22, 1910, claimants paid to the County Treasurer of Logan County the sum of $564.22, the same being the amount assessed less five per cent discount for payment within six months. This money was paid over by the County Treasurer to the State Treasurer.

On June 10, 1912, claimants filed report with the Circuit Court of Logan County, and Mina Lorenz filed objections, claiming that $188.09 of the tax paid had been erroneously paid, in that it was an assessment against the property taken by her under the terms of the aforesaid deed. She denied that her title was a life estate under the will, and asserted that she had a fee simple estate under the provisions of the deed, and consequently said land was not subject to an inheritance tax. The Circuit Court overruled the objections and approved the report of the Trustees. Mina Lorenz appealed from the judgment of the Circuit Court to the Supreme Court, and at the April term, 1915, the Supreme Court reversed the Circuit Court, and found that $188.09 of the inheritance tax paid by the testamentary trustees had been erroneously assessed against the estate of Mina Lorenz, and erroneously paid to the County Treasurer. The case in the Supreme Court is reported in Volume 267 at page 230. On May 15, 1915, claimants revised their report in accordance with the order of the Supreme Court, eliminating the charge of $188.09 against the estate of Mina Lorenz.

Afterward, claimants made application to the State Treasurer for a refund of this amount, but the Treasurer refused payment. It is apparent from the evidence that the claimants were advised that the title to the property in question was taken by the said Mina Lorenz under the will, and not under the deed. The testimony shows that claimant, Herman Weller, was so advised by counsel. Claimant, Klick, knew nothing of the existence of the deed, except that claimant Weller had told him of it and that claimant, Weller, had further taken advice of counsel on the proposition, and following counsel's advice they paid the inheritance tax. There is no question about the good faith of claimants in this matter, and there is no question but that inheritance tax in the amount of $188.09 was paid in error.

The Attorney General had not filed any pleading in this case, nor has he filed any argument in opposition to the claim.

Section 10 of the inheritance tax law provides that when an inheritance tax shall be paid erroneously, it shall be lawful to refund, provided that application for re-payment be made within two years from the date of payment. Counsel for claimants argue that the statute of limitations has not been pleaded by the State, and that even if pleaded it could not be interposed as a bar to claimants' right of action, for the reason that the statute could not commence to until the date of the final determination of the subject matter of the previous suit by the Supreme Court in 1915.

Rule 11 of the Rules of the Court of Claims, adopted and in effect December 9, 1913, provides: "If it appears on the face of the declaration that the claim is barred by the statute of limitations, the same may be dismissed." It is a rule of statutory construction that a statute of limitations shall be strictly construed, and it has been further said as in *Stanninger* v. *Taber*, 103 Ill. App. 133, "The statute of limitations affects only the remedy, and does not commence to run until the parties to be barred have a right to invoke the aid of the court to enforce his remedy."

The Supreme Court found in 1915, that this tax was erroneously paid. Previous to that time claimants were of the belief that it had been properly paid, and in this belief they were supported by the advice of their counsel as well as the findings of the Circuit Court. After the entering of the judgment of the Circuit Court, wherein it was found that the tax had been properly paid, claimants certainly could not have asked for a refund and it was not until the Supreme Court in April of 1915 found that the tax had been erroneously paid, that they could possibly have filed this claim.

This Court does not believe that it was the intention of the Legislature to make the limitation clause of the tenth section of the inheritance tax law applicable to a case such as the one before us. While this is not a case that would properly arise in a Court of Equity, it is one which will appeal to a sense of justice, and we believe that claimants are entitled to have refunded to them the amount of their claim.

It is accordingly the judgment of this Court that claimants be awarded the sum of one hundred eighty-eight and 09/100 ($188.09) dollars.